UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEVERLY BOULIGNY POWELL                    CIVIL ACTION

v.                                         NO. 11-1640

DENT HUNTER, JR. d/b/a                     SECTION "F"
HUNTER ENTERPRISES

<u>ORDER AND REASONS</u>

Before the Court is the defendant's motion to dismiss. For the reasons that follow, the motion to dismiss for lack of subject matter jurisdiction is DENIED; the motion to dismiss for failure to state a claim is GRANTED in part (the burglary and vandalism claims are dismissed) and DENIED in part (the personal liability claims remain viable).

## **Background**

This lawsuit arises out of the alleged breach of a series of construction contracts for the renovation of Hurricane Katrina-damaged rental properties.

Beverly Bouligny Powell owns several properties in New Orleans, including 1304, 1306, and 1308 Denis Street, as well as 3631 Hamburg Street; these properties were damaged as a result of Hurricane Katrina. In 2009 Powell entered into a series of contracts with Dent Hunter, Jr., a licensed contractor who does business as Hunter Enterprises, L.L.C., to renovate her damaged rental properties to allow for their occupancy and rental. As payment for the construction work and improvements, Powell paid

1

Hunter "in excess of $200,000".

But Powell was dissatisfied.  On July 13, 2011 Powell sued Dent Hunter d/b/a Hunter Enterprises L.L.C., invoking this Court's diversity jurisdiction, and asserting that:

- defendant failed to properly perform mold remediation, resulting in additional costs, expenses, and continuing loss of rental income;
- defendant failed to timely complete the construction and renovation work, has failed to install air conditioning units and appliances that were paid for in advance, and has failed to secure the properties while under construction, resulting in theft and vandalism at the premises;
- defendant breached the contract and is liable for all funds advanced and all payments made pursuant to the contracts and for all funds necessary to repair and complete the defective work and for all consequential damages and economic losses arising out of the contract's breach;
- plaintiff has sustained property damage and economic losses as a result of defendant's negligence and/or intentional acts in conversion of funds advanced for the construction work, delays in completion of the work and improperly undertaking mold remediation directly resulting in damages that include past and future repair work, replacement of damaged and vandalized property, diminution in the value of the properties and loss of rental income from 2009 to the present.

The defendant now challenges this Court's subject matter jurisdiction, and also seeks to dismiss the plaintiff's individual claims against Dent Hunter, as well as the claims for burglary or vandalism.

I.
A.

The defendant first seeks dismissal on the ground that this Court lacks subject matter jurisdiction based.  Rule 12(b)(1)

authorizes the dismissal of a case for lack of subject matter jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3); Stockman v. Federal Election Commission, 138 F.3d 144, 151 (5th Cir. 1998). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)(citation omitted). The party invoking the Court's jurisdiction "has the burden of proving subject matter jurisdiction by a preponderance of the evidence." Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009)(citation omitted); Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994); New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008)(the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence). The Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996). In resolving disputed facts, the Court must not give plaintiff's allegations a presumption of truthfulness.

<u>Vantage Trailers, Inc.</u>, 567 F.3d at 748 (citation omitted).

*B.*

The defendant also seeks to dismiss, for failure to state a claim under Rule 12(b)(6), certain claims asserted by the plaintiff. The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6). See <u>Williams v. Wynne</u>, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)(observing that the Rule 12(b)(1) and Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in resolving the motion).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See <u>Lowrey v. Tex. A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997) (quoting <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464 (5th Cir. 2004) (quoting <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the

4

complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982). Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 1950. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 129 S.Ct. at 1949 (2009))(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citing Twombly, 550 U.S. at 557)(internal quotations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings" -- that is, any documents attached to or incorporated in the plaintiffs' complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 379 (5th Cir. 2003).

II.
A.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined

defendants, and the amount in controversy must exceed $75,000.  <u>See</u>
28 U.S.C. § 1332.  Because the plaintiff resides in California and
the defendant resides in Louisiana, the only dispute here is
whether the amount-in-controversy requirement is met.

Where a plaintiff expressly alleges damages that exceed the
jurisdictional amount, the "legal certainty" test applies; that is,
"[i]n order for a federal court to decline jurisdiction, '[i]t must
appear to a legal certainty that the claim is really for less than
the jurisdictional amount.'" <u>See</u> <u>De Aguilar v. Boeing Co.</u>, 47 F.3d
1404, 1409 (5th Cir. 1995)(citation omitted); <u>see</u> <u>also</u> <u>St. Paul</u>
<u>Reinsurance Co., Ltd. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir.
1998).

The plaintiff here seeks to recover for breach of a
construction contract with the defendant, in which the defendant
agreed to treat mold and renovate her properties; the plaintiff
also seeks to recover for property damage and economic losses,
including loss of rental income, as a result of the defendant's
unspecified negligence and intentional acts.  Ms. Powell has
pleaded in her complaint that the amount in controversy is in
excess of $75,000 exclusive of interest and costs.  Accordingly,
this amount controls unless it appears or is some way shown that
the amount stated in the complaint is not claimed in good faith.
<u>See</u> <u>Horton v. Liberty Mutual Ins. Co.</u>, 367 U.S. 348 (1961).

The defendant's jurisdictional challenge on the ground that

the plaintiff has failed to prove that the amount in controversy exceeds $75,000 presents a factual attack: the defendant contends that performing mold remediation was not part of its contractual duties and, therefore, the plaintiff cannot rely on amounts related to mold remediation to bolster the amount in controversy. In resolving this disputed fact, the Court must not give plaintiff's allegations a presumption of truthfulness. <u>Vantage Trailers, Inc.</u>, 567 F.3d at 748 (citation omitted). Based on the contracts and other record evidence, this Court agrees that it does not appear that the defendant's contracted-for duties included mold remediation, only treatment of mold at the property and this treatment of mold was a small portion of the overall renovation project.[1]

This does not, however, end the inquiry because it must appear to a legal certainty that the plaintiff's claim is actually for less than $75,000. Even assuming the defendant is not liable for the direct mold remediation costs, a fair reading of the plaintiff's complaint shows that she seeks to recover for the defendant's breach of contract, as well as negligence not only associated with mold remediation but also the entire $200,000

---

[1]The plaintiff in fact does not allege in her complaint that the defendant represented himself as a licensed mold remediator, although she suggests this fact in her opposition papers. She offers no evidence in support of this assertion, not even in her affidavit. And the Court finds that the contracts and the mold remediation inspection report undermine Ms. Powell's unsupported assertion.

construction project.  And the plaintiff submits an affidavit with a "good faith" estimate of her damages, a review of which suggests that the amount in controversy perhaps still exceeds $75,000 even if the direct mold remediation costs are excluded.  Accordingly, while the quantum of what the plaintiff might actually recover is unclear, it has not been shown to a legal certainty that the claim is for less than $75,000.

*B.*

Because the Court has subject matter jurisdiction, it turns to the defendant's challenge that the plaintiff has failed to state a claim for personal liability of Dent Hunter, Jr., and for burglary and vandalism.

First, the Court notes that the plaintiff has failed to offer any arguments in opposition to the defendant's request that the Court dismiss her claim that the defendant failed to secure the property and is therefore responsible for the burglary and vandalism of her property.  Accordingly, this portion of the defendant's motion is GRANTED; the plaintiff fails to plead enough facts to state a claim for relief that is plausible on its face. There is no suggestion in the complaint or in the contracts, which can be considered by this Court as part of the complaint, that the defendant had a duty to provide security to prevent a burglary or vandalism from occurring at her property; rather, the defendant was the plaintiff's contractor, hired to renovate her property.

Second, as to the personal liability of Dent Hunter, Jr., this issue is premature and ill-suited for resolution on a motion to dismiss for failure to state a claim.[2] As the plaintiff points out, absent a disclosure by Dent Hunter, Jr. that he was acting as an agent for a limited liability company, a determination that this Court cannot make at this stage of the proceedings, he cannot avoid liability for his allegedly wrongful conduct. See, e.g., Irrigation Mart, Inc. v. Gray, 965 So.2d 988 (La.App. 2 Cir. 2007). Moreover, if the plaintiff can prove that Mr. Hunter was negligent in performing his professional duties, it is possible that she could recover from him personally. La.R.S. 12:1320; W.J. Spano Co., Inc. v. Mitchell, 943 So.3d 1131 (La.App. 1 Cir. 2006).

Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED and the motion to dismiss for failure to state a claim is GRANTED in part (the burglary and vandalism claims are dismissed) and DENIED in part (the personal liability claims remain viable).

New Orleans, Louisiana, January 25, 2012

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The defendant relies on letterhead that was submitted to the plaintiff that read "Hunter Enterprises" to save Dent Hunter, Jr. from liability.